IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BONDCOTE CORPORATION, a Virginia corporation, d/b/a BONDCOTE ROOFING SYSTEMS, Plaintiff, | ) | |
| v. | ) | No. 05-891C (Judge Horn) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT’S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's introduction, which precedes the numbered paragraphs, constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required.

Jurisdiction and the Parties[1]

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as

---

[1] The complaint includes various headings. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

to their truth.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Facts

4. Denies the allegations contained in the first sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 4 that the Post Office building roof also was constructed with metal panels; denies the remainder of the allegations contained in the second sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations contained in the first sentence of paragraph 5 that the BondCote roofing system, particularly the coated fabric membrane, used on the Harlingen, Texas Post Office building, was manufactured and supplied subject to a written warranty; admits the remainder of the allegations contained in the first sentence of paragraph 5 to the extent supported by the warranty cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 5. The allegations contained in the second sentence of paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer

is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 5 to the extent supported by the warranty cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the warranty cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the warranty cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegation contained in paragraph 8 that BondCote provided the United States Postal Service, as the owner, with the written warranty; denies the allegations contained in paragraph 8 with regard to what BondCote intended for lack of knowledge or information sufficient to form a belief as to their truth; the remainder of the allegations contained in paragraph 8 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first sentence

of paragraph 9, that BondCote received notification of leaks "'all over the roof'" of the Harlingen Post Office building from the Postmaster, Harlingen Main Post Office, to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies these allegations; denies the remainder of the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 9.

10. Admits.

11. Admits the allegations contained in the first and second sentences of paragraph 11. Denies the allegation contained in the third sentence of paragraph 11 that the cracks in the roofing membrane identified by the United States Postal Service were conical and circular in nature; admits the remainder of the allegations contained in the third sentence of paragraph 11. Avers that the United States Postal Service concluded that the leaks were caused by the premature failure of the roof membrane; further avers that many of the cracks were radial or spiral shaped, and that others were linear.

12. Admits the allegation contained in paragraph 12 that

there were disbonded membrane seams; denies the allegation contained in paragraph 12 that the problem with the disbonded membrane seams was “relatively minor”; the remainder of the allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the allegation contained in paragraph 13 that the United States Postal Service made demand of BondCote for repair or replacement of the Harlingen Post Office building roof based on leaks; denies the remainder of the allegations contained in paragraph 13. Avers that the basis for the demand was that the roof was leaking due to premature failure of the roof membrane.

14. Admits the allegation contained in paragraph 14 that there was substantial and extensive cracking in the roofing membrane; denies that the cracking was the main source of the leaks complained of by the United States Postal Service; the remainder of the allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Denies the allegations contained in the first sentence of paragraph 15 for lack of knowledge or information sufficient

to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 15. Denies the allegations contained in the third sentence of paragraph 15.

16. Denies.

17. Admits the allegations contained in the first sentence of paragraph 17 that BondCote denied the demand of the United States Postal Service to repair or replace the Harlingen Post Office building roof free of charge as a warranty item; denies the remainder of the allegations contained in the first sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 17 as to what plaintiff’s denial was based upon, for lack of knowledge or information sufficient to form a belief as to their truth; the remainder of the allegations contained in the second sentence of paragraph 17 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in the first and

second sentences of paragraph 19. The allegations contained in the third sentence of paragraph 19 that BondCote has not been provided with evidence of the cost of the work constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; denies the remainder of the allegations contained in the third sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegations contained in paragraph 20 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

<u>COUNT ONE</u>

21. Defendant's responses to paragraphs 1 through 20 of the complaint are incorporated by reference.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies.

24. Denies.

25. Denies.

26. Denies.

27. Denies that plaintiff is entitled to the relief set

forth in the prayer for relief immediately following paragraph 26, or to any relief whatsoever.

28. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

s/ Thomas D. Dinackus
by Ronald G. Morgan
THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

STEPHEN D. LOBAUGH
United States Postal Service

November 16, 2005

CERTIFICATE OF FILING

I hereby certify that on November 16, 2005, a copy of the foregoing “DEFENDANT’S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ Thomas D. Dinackus
by Ronald G. Morgan